UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MICHAEL JOHN RYALL, SR.**                                      CIVIL ACTION

**VERSUS**                                                                    NO. 24-507-SDD-RLB

**NORMANDY VILLAGE APARTMENTS, INC.**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings of fact, conclusions of law, and recommendations within fourteen (14) days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on September 3, 2024.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL JOHN RYALL, SR.                                CIVIL ACTION

VERSUS                                                 NO. 24-507-SDD-RLB

NORMANDY VILLAGE APARTMENTS, INC.

### ORDER

Before the Court is Michael John Ryall's ("Plaintiff") Complaint for a Civil Case (the "Complaint"). (R. Doc. 1). Also before the Court are Plaintiff's exhibits in support. (R. Doc. 6).

**I.    Background**

On June 21, 2024, Plaintiff sued Normandy Village Apartments, Inc., ("Defendant") in this Court, arguing Defendant is liable in the amount of $100,000 for its discrimination, slander, and defamation against Plaintiff. (R. Doc. 1). Plaintiff's sole written allegation is that from 2022 to 2024, at Normandy Village Apartments, he was "treated unfairly[,] discriminated [against,] slander[ed, and put] in a deliberately threatening situation[]." (R. Doc. 1 at 4). Given the limited information provided, this Court set a hearing for July 25, 2024 (the "Hearing") to give Plaintiff an opportunity to explain his case in greater detail. (R. Doc. 2).

Plaintiff timely appeared before this Court on the hearing date and described his case. (R. Doc. 5). He explained that for the last five years he lived at Normandy Village Apartments, always paying his rent on time. His most recent lease (the "Lease") began on June 1, 2023 and was set to end "at 11:59 pm the 31st day of May, 2024[.]" (R. Doc. 6). Plaintiff said during the Hearing, "My lease was coming up and I wanted to review [it] and they had a new manager . . . name[d] Zachary Taylor and I asked him again in May; I said I want to review and see how much you gonna go up, you know telling myself I wanna see what's going on here before I sign a contract, so he said I'ma go through the paperwork and see who's up, you know, for lease."

According to Plaintiff, days went by after this conversation and Plaintiff asked Zachary Taylor again, with Zachary Taylor responding, according to Plaintiff, that "it should be on your door this week or a couple of days' worth." After this, Plaintiff alleges Sherry Davis, an alleged agent of Defendant, left him a note, dated May 8, 2024, that instructed him to leave his apartment by May 22, 2024. Plaintiff alleged that although he had "paid [his] rent" and was "about to sign a five year lease[,]" he left his apartment on May 31, 2024, after signing a lease with another complex on May 18, 2024 and returning his key on May 30, 2024. Plaintiff alleges that, pursuant to his new lease, he now pays $200 more per month than what he paid under the Lease.

Plaintiff explains he has filed suit because, under the Lease, Defendant was required to give him at least 30 days of notice before any date upon which he was to leave. He also explains that he is claiming "discrimination", based on the lack of notice, under the Fair Housing Act (the "FHA"). At the Hearing, it was shown that Plaintiff is a white man, born male, with no disabilities. Religion and sex were not mentioned by Plaintiff, and it appears he lives alone.

Plaintiff alleges his defamation and slander claims are based on Sherry Davis (i) telling him people were saying he was making faces, (ii) using the phrase "your doctor" around him, and (iii) informing him she wanted to "call [his] emergency number [and was] trying to call [his] sister" before he gave her his younger brother's number. Plaintiff was unsure why Sherry Davis was using the phrase "your doctor" around him, and stated she would need to testify to that. He also alleges defamation and slander based on a man named Phillip, who lived in the Normandy Village Apartments, once blocking his bike while he was walking it home. Both of these people, according to Plaintiff, are likely Louisiana citizens. Plaintiff also said he complained to Sherry Davis about his apartment not being sprayed by Defendant's hired pest control and his air conditioner not being repaired. Plaintiff did not connect these allegations with any specific claim.

At the Hearing, Plaintiff repeatedly relied on the terms of his lease agreement with the defendant in his explanation of his potential claims. Accordingly, this Court ordered Plaintiff to file the Lease into the record. (R. Doc. 5). On July 26, 2024, Plaintiff filed (i) receipts of his assorted rent payments from 2019 to 2024, with the most recent being dated April 24, 2024 and (ii) his lease contracts from 2019 to 2023, including the June 1, 2023 Lease. (R. Doc. 6). The Lease states that after May 31, 2024, it "will automatically renew month-to-month unless either party gives at least 30 days written notice of termination[.]" (R. Doc. 6). If Plaintiff were to "default by not paying rent or by otherwise breaching the lease [Defendant could] end [his] right of occupancy in accordance with the terms of th[e] lease and Louisiana law." (R. Doc. 6). The Lease also included the following waiver of notice:

> RESIDENT . . . WAIVES NOTICE OF TERMINATION OF THIS LEASE AS PROVIDED IN LA. [C.C.P.] ART. 4701 AND ANY FURTHER APPLICABLE PROVISIONS OF THE [LA. C.C.P.] AND [LA. C.C.]; AND RESIDENT . . . CONSENT[S] TO THE IMMEDIATE INSTITUTION OF EVICTION PROCEEDINGS BY OWNER UPON TERMINATION OF RESIDENT'S RIGHT TO OCCUPY THE PREMISES FOR ANY REASON. (R. Doc. 6).

The Lease also stated that "[e]xcept when . . . required by statute, [Plaintiff] waive[d] any notice and demand for performance from [Defendant] if [he] Default[ed, with w]ritten notice to or from [Defendant's] managers constitute[ing] notice to or from [Defendant]." (R. Doc. 6).

**II.    Law and Analysis**

A "district court 'shall dismiss the action' whenever 'it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter.'" *Avitts v. Amoco Prod. Co.*, 53 F. 3d 690, 693 (5th Cir. 1995) (quoting Fed. R. Civ. P. 12(h)(3)). Federal jurisdiction exists when there is complete diversity of citizenship and the amount in controversy is more than $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332. It also exists when "a federal question appear[s] on the face of [a] well-pleaded complaint." *Roberson v. Dep't of Soc. Servs.,*

4

No. CV 23-4022, 2023 WL 10406019, at *4 (E.D. La. Dec. 12, 2023), *report and rec. adopted,* No. CV 23-4022, 2024 WL 1116221 (E.D. La. Mar. 14, 2024).

Plaintiff does not argue this Court has diversity jurisdiction; rather, he argues this Court has federal question jurisdiction because of his federal claim under the FHA. (R. Doc. 1). Under the FHA, it is unlawful:

> (a) To refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for . . . , or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin. . . .
> (d) To represent to any person because of race, color, religion, sex, handicap, familial status, or national origin that any dwelling is not available for inspection, sale, or rental when such dwelling is in fact so available. . . .
> (f)(1) To discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a [his or her] handicap[.]
> (2) To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities [], because of a handicap of . . . that person[.] 42 U.S.C. § 3604.

Because Plaintiff's FHA claim "appears on the face of the complaint, dismissal for lack of subject matter jurisdiction is only proper [if the FHA claim is a] frivolous or insubstantial claim, i.e., [it] has no plausible foundation[.]" *Roberson,* 2023 WL 10406019, at *9. "If [the FHA] claim is patently without merit, it may be dismissed for want of jurisdiction." *Id.* "The general elements [of a properly pled FHA claim] are 1) the plaintiff is a member of a protected class under the Fair Housing Act (*e.g.*, race, gender, family); 2) the plaintiff was eligible for favorable treatment (*e.g.*, the plaintiff was qualified to rent); 3) the defendant acted adversely toward the plaintiff (*e.g.*, denying a rental application or making housing unavailable); and 4) favorable treatment remained open to non-members of the protected group (*e.g.*, the housing opportunity remained available to similar . . . applicants)." *Treece v. Perrier Condo. Owners Ass'n, Inc.,* 593 F. Supp. 3d 422, 439 (E.D. La. 2022).

A plaintiff "is a member of a protected class" if he or she is being discriminated against based on his or her race, color, religion, sex, familial status, national origin, or handicap. *Id;* 42

U.S.C. § 3604. Plaintiff, who appears to have lived alone at the Normandy Village Apartments, is a white, 69 year-old male. He does not allege that he has been discriminated against because of his race, color, religion, sex, familial status, national original, or handicap. (R. Doc. 1). While it appears Sherry Davis may have told Plaintiff he needed a doctor, Plaintiff states this was slander and defamation, and he does not reveal any handicap on his part. Consequently, this Court finds Plaintiff has not pled the first element of an FHA claim. *See L & F Homes & Dev., LLC v. City of Gulfport, Miss.,* No. 1:10 CV 387 HSO-JMR, 2012 WL 2863481, at *4 (S.D. Miss. July 11, 2012), *aff'd sub nom. L & F Homes & Dev., L.L.C. v. City of Gulfport, Miss.,* 538 F. App'x 395 (5th Cir. 2013) (summary judgment against plaintiff when no evidence given showing it "was a member of a protected class, or of any actual discrimination"). Thus, this Court recommends that the District Court dismiss Plaintiff's FHA claim and find that it lacks jurisdiction over the case.

**This case is a lease dispute. Plaintiff is unhappy that his landlord elected not to renew his lease and terminate their relationship. Whether that termination was done properly under the terms of this agreement is a contract dispute, not a federal cause of action. There is no indication that the parties in this matter are diverse or that the amount in controversy to sustain federal jurisdiction has been met. This dispute is properly addressed in a state court of general jurisdiction.**

To the extent that Plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this Court over potential state law claims, against the defendants or other unidentified tenants, the District Court may decline the exercise of supplemental jurisdiction if (i) Plaintiff's state law claims raise novel or complex issues of state law, (ii) the claims substantially predominate over the claims over which the District Court has original

jurisdiction, (iii) the District Court has dismissed all claims over which it had original jurisdiction, or (iv) there are other compelling reasons. 28 U.S.C. § 1367.

In the instant case, having recommended that the Plaintiff's federal claim be dismissed, the Court further recommends that the exercise of supplemental jurisdiction be declined.

### III.    Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff's case be **DISMISSED**.

Signed in Baton Rouge, Louisiana, on September 3, 2024.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**